UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: ______________________

AT LAW AND IN ADMIRALTY

EUCARIO RESTREPO,

Plaintiff,
v.

ROYAL CARIBBEAN CRUISES LTD.,
d/b/a ROYAL CARIBBEAN INTERNATIONAL,

Defendant.
______________________________________/

**COMPLAINT FOR DAMAGES**

The Plaintiff, EUCARIO RESTREPO, hereby sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL CARIBBEAN INTERNATIONAL, and files this Complaint for Damages and says:

**THE PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, EUCARIO RESTREPO (hereinafter referred to as "Plaintiff" or "RESTREPO"), is sui juris and is a citizen of the United States of America and is a citizen and resident of Orlando, Orange County, Florida.

3. **THE DEFENDANT - ROYAL CARIBBEAN CRUISES LTD.** The Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN INTERNATIONAL (hereinafter referred to as "Royal Caribbean" or "Defendant" or "the cruise line"), is incorporated

outside of the state of Florida in the Republic of Liberia, but does business in the State of Florida, has its principal place of business in Miami, Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure 9(h). Further, this action is being filed in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Ticket Contract issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. **SPECIFIC PERSONAL JURISDICTION:** Alternatively, the Defendant is subject to specific personal jurisdiction in the Southern District of Florida. There is an adequate link between this forum and these claims. This suit relates to and/or arises out of activities in this forum or is related to the Defendant's contacts with this forum. *See, e.g., Ford Motor Co. v. Mont.*

*Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1038 (2021) and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

7. The Defendant's ships, which includes the *RCCL Star of the Seas*, regularly and continuously enter United States waters including in Florida.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

9. **DATE OF INCIDENT.** This incident occurred on November 25, 2025, at approximately 6:45 p.m. to 6:50 p.m.

10. **LOCATION OF INCIDENT.** This incident occurred on the vessel *RCCL Star of the Seas*, a ship in navigable water while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by general maritime law. Specifically, the Plaintiff's incident occurred on the open deck flooring at the bottom of the whirlpool steps on Deck 15, near the Lime and Coconut bar, on the third day of the cruise, on board the *RCCL Star of the Seas*.

11. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. RESTREPO embarked on the subject cruise in Port Canaveral, Florida, on November 23, 2025.

12. ***RCCL STAR OF THE SEAS* AND THE DANGEROUS CONDITION.**Royal Caribbean owns and operates 29 cruise ships which includes the *RCCL Star of the Seas*. The *RCCL Star of the Seas* was first put into service in March 2025. Royal Caribbean has operated and maintained the ship continuously since 2025. The *RCCL Star of the Seas* has a capacity for 7,514 passengers and 2,350 crew members. The *RCCL Star of the Seas* has 20 decks. Royal Caribbean

is in the hospitality business. Royal Caribbean's operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds. Like all of the RCCL ships, Star of the Seas has outdoor areas on the upper decks of the vessel, which feature pools, whirlpools, and children's pools. Star of the Seas features one such outdoor area, located on Deck 15. Passengers exiting the whirlpools must use stairs connected to the whirlpools. Due to the fact that the stairs are located close to the whirlpool, there is often a large puddle of water at the bottom of the stairs. The puddle of water at the bottom of the whirlpool's stairs is an ongoing, continuous problem of which RCCL is well aware.

13. Passengers using the pool, whirlpool, and other pools on Deck 15 are often wearing sunscreen, tanning oil, and/or lotion. RCCL allows these substances to build up on the flooring of the Deck 15 pool areas during each cruise. RCCL almost never thoroughly cleans the Deck 15 pool areas, even between cruises. These oily substances combine with water to make the deck unreasonably slippery to walk on, especially considering that most passengers walking in this area are barefoot as they are entering or exiting one of the pools or whirlpools. Due to the nature and material of the flooring at the bottom of the whirlpool's stairs, the deck would be unreasonably slippery, even if it were only covered in water. RCCL has noticed these repetitive, ongoing conditions and problems. For this reason, RCCL's duty of due care under the circumstances includes the duty to inspect for these spills and water and other foreign materials on the floor, to clean and dry the areas, to warn about the areas with signs and personnel posted, and to prevent passengers from accessing the areas with spills and other materials on the flooring by cordoning or blocking off the areas. .

14. **<u>DESCRIPTION OF THE INCIDENT.</u>** On November 25, 2025, Royal Caribbean allowed a dangerous condition- a large accumulation of water, measuring at least 7 feet by 8 feet,

to remain on the open deck flooring at the bottom of the whirlpool steps on Deck 15 aboard the *Star of the Seas* for an extended period of time. Royal Caribbean's crew members allowed the water to accumulate and did not inspect, clean, dry, mop, or squeegee the large puddle. Royal Caribbean also failed to post adequate warnings of the slippery wet floor such as signs, cones, or barriers. Royal Caribbean also failed to train its crew regarding how to properly inspect, clean, and dry the floor. Royal Caribbean also allowed its crew to ignore the slippery substance on the floor by stationing an inadequate number of crew in the area and failing to supervise them

15. Because Royal Caribbean and its crew members failed to remedy the dangerous condition, the open deck flooring at the bottom of the whirlpool steps remained wet and slippery. Earlier that evening, RESTREPO, who was traveling with a group of family and friends, joined his children in the Deck 15 whirlpool, where they remained for approximately thirty minutes. At approximately 6:45 p.m. to 6:50 p.m., a Royal Caribbean crew member advised RESTREPO that the area was about to close and directed him to exit the whirlpool. Following the crew member's direction, RESTREPO exited the whirlpool first and walked down the small set of steps leading away from the whirlpool. RESTREPO was barefoot, as is customary for passengers using the whirlpool. RESTREPO was watching where he was walking and exercising reasonable care. RESTREPO had no idea that the open deck flooring at the bottom of the whirlpool steps was covered with water and was so slippery. The unreasonably slippery condition on the flooring was not visible to RESTREPO as he exited the whirlpool and walked down the steps. The water on which RESTREPO slipped was not water dripping from RESTREPO; it was a large accumulation of water that had built up on the deck before RESTREPO exited the whirlpool. After taking only a few steps on the open deck flooring at the bottom of the whirlpool steps, RESTREPO suddenly slipped on the wet, unreasonably slippery floor and fell onto his right side, striking his right

shoulder on the deck. There were no warning signs, cones, or barriers present at the time of the fall.

16. Immediately after RESTREPO fell, a Royal Caribbean crew member placed a "wet floor" caution sign directly in the area where RESTREPO slipped and fell. RESTREPO returned to his stateroom, but the pain in his right shoulder became unbearable, and he returned to the area to find help. RESTREPO then sought treatment at the ship's medical center, and he had to return to the ship's medical center two to three more times during the cruise because of the pain. After RESTREPO was treated, a Royal Caribbean security officer met with RESTREPO, and RESTREPO took the security officer to Deck 15, showed him where the incident happened, and told him that there were no wet floor signs in the area at the time of the fall. For the remainder of the cruise, RESTREPO experienced severe pain, numbness, tingling, and radiating pain in his right arm, and he was unable to participate in the shore excursions he had booked.

17. **DAMAGES.** As a direct result of Royal Caribbean's negligence, RESTREPO slipped and fell and sustained severe and permanent injuries, including but not limited to a right shoulder rotator cuff tear, right shoulder proximal biceps tearing and subluxation, and right shoulder outlet impingement which required surgeries. These injuries are permanent and significantly affect the life and abilities of RESTREPO. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. RESTREPO has suffered these losses in the past and will continue to suffer in the future. These injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future. These injuries and damages also include but are not limited to non-economic damages in

the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. To the extent RESTREPO had any pre-existing condition of his right shoulder, the subject incident aggravated that condition, and RESTREPO seeks all damages resulting from the aggravation of any pre-existing condition.

18. **NOTICE: PRIOR SIMILAR INCIDENTS.** Prior similar incidents show evidence that Royal Caribbean had notice of the dangerous condition here. Royal Caribbean documents prior slip and falls, slipperiness, and water accumulations on its open decks in various ways, which may include prior shipboard meetings, logs, or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; prior slip testing of the floor surfaces. Examples of prior similar incidents known to date include the following:

(a) Passenger Rodolfo Tobar slipped and fell on October 23, 2025, on the wet and slippery open-air ceramic walkway in the Central Park area on Deck 8 on board the *RCCL Oasis of the Seas*. The walkway was open to the elements and was wet from earlier rainfall and humidity, but the moisture was not readily visible to passengers. There were no caution signs, cones, barriers, or other warnings in the area before Tobar fell. Tobar fell backward, struck his head on the floor, and lost consciousness. Another passenger slipped and fell in the same area a few minutes later. Shortly after Tobar's fall, crew members placed a warning sign by the wet walkway. *Tobar v. Royal Caribbean Cruises Ltd.*, Case No. 1:26-cv-26821-RKA.

(b) Passenger Robert Karikas slipped and fell on the wet open deck floor on May 16, 2022, while he was a passenger on board the *RCCL Wonder of the Seas*. *Karikas v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-21692. Upon information and

belief, the open deck flooring on the *RCCL Wonder of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(c) Passenger Binette Hamilton slipped and fell on the wet open deck floor on June 6, 2022, while on board the *Independence of the Seas*. *Hamilton v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-21948-FAM. Upon information and belief, the open deck flooring on the *Independence of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *Star of the Seas*.

(d) Passenger Natalie Gautsch slipped and fell on the wet open deck floor on February 11, 2022, while on board the *RCCL Independence of the Seas*. *Gautsch v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-20437-PCH. Upon information and belief, the open deck flooring on the *RCCL Independence of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(e) Passenger Jonathan Yungel slipped and fell on the wet open deck floor on November 25, 2019, while on board the *RCCL Majesty of the Seas*. *Yungel v. Royal Caribbean Cruises, Ltd.*, Case No. 1:20-cv-24090-RNS. Upon information and belief, the open deck flooring on the *RCCL Majesty of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(f) Passenger Xavier Jimenez Colon slipped and fell on the wet open deck floor on January 14, 2022, while on board the *RCCL Harmony of the Seas*. *Colon v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-20166. Upon information and belief,

the open deck flooring on the *RCCL Harmony of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(g) Passenger Troy Wallace slipped and fell on the wet open deck floor on January 28, 2022, while on board the *RCCL Odyssey of the Seas*. *Wallace v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-20265-KMM. Upon information and belief, the open deck flooring on the *Odyssey of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *Star of the Seas*.

(h) Passenger Bryan Barish slipped and fell on the wet open deck floor on February 12, 2020, while on board the *RCCL Harmony of the Seas*. *Barish v. Royal Caribbean Cruises, Ltd.*, Case No. 1:21-cv-20081.

(i) Passenger Deborah McGoodwin slipped and fell on the wet open deck floor on April 20, 2019, while on board the *RCCL Liberty of the Seas*. *McGoodwin v. Royal Caribbean Cruises, Ltd.*, Case No. 1:20-cv-21283-CMA. Upon information and belief, the open deck flooring on the *RCCL Liberty of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(j) Passenger Sandra White slipped and fell on the wet open deck floor on May 4, 2018, while on board the *RCCL Harmony of the Seas*. *White v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-21745.

(k) Passenger Jeffrey Hicks slipped and fell on the wet open deck floor on September 25, 2018, while on board the *RCCL Oasis of the Seas*. *Hicks v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-23155-DPG.

(l) Passenger Thomas Kubala slipped and fell on the wet open deck floor on May 1, 2018, while on board the *RCCL Adventure of the Seas*. *Kubala v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-21033. Upon information and belief, the open deck flooring on the *RCCL Adventure of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(m) Passenger Melinda Price slipped and fell on the wet open deck floor on May 15, 2018, while on board the *RCCL Oasis of the Seas*. *Price v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-21326-KMW.

(n) Passenger Michelle Lauka slipped and fell on the wet open deck floor on February 22, 2017, while on board the *RCCL Enchantment of the Seas*. *Lauka v. Royal Caribbean Cruises, Ltd.*, Case No. 1:17-cv-24665. Upon information and belief, the open deck flooring on the *RCCL Enchantment of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(o) Passenger Robert Kohl slipped and fell on the wet open deck floor on November 22, 2015, while on board the *RCCL Oasis of the Seas*. *Kohl v. Royal Caribbean Cruises, Ltd.*, Case No. 1:16-cv-24718-FAM.

(p) Passenger George Giansanti slipped and fell on the wet open deck floor on April 12, 2015, while on board the *RCCL Grandeur of the Seas*. *Giansanti v. Royal Caribbean Cruises, Ltd.*, Case No. 1:16-cv-20997-JAL. Upon information and belief, the open deck flooring on the *RCCL Grandeur of the Seas* is the same or substantially similar to the open deck flooring of the subject area on the *RCCL Star of the Seas*.

(q) Passenger Lillian Benson slipped and fell on the wet open deck floor on February 21, 2015, while on board the *RCCL Adventure of the Seas*. *Benson v. Royal Caribbean Cruises Ltd.*, Case No. 1:15-cv-24312-PCH.

19. **<u>NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.</u>** Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the length of time that the condition existed. The subject incident occurred at approximately 6:45 p.m. to 6:50 p.m., as the Deck 15 pool and whirlpool area was about to close for the day. The pools and whirlpools on Deck 15 had been open and in use by passengers for hours before the subject incident. Passengers continuously and repetitively tracked water and other slippery substances onto the open deck flooring at the bottom of the whirlpool steps for hours before the subject incident. Royal Caribbean knew or should have known of the large amount of water and/or other slippery substances that had accumulated on the subject flooring because of its size, its shape, its characteristics, and because it existed on the exterior deck flooring for an extended, unreasonably long duration under the circumstances. There was more than sufficient time before the incident occurred for Royal Caribbean to discover and eliminate the dangerous condition, including by inspecting, cleaning, and drying the flooring and by warning passengers of the slippery condition.

20. **<u>NOTICE: SIZE OF THE WET AREA.</u>** Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the large size of the wet area. The wet area on the open deck flooring at the bottom of the whirlpool steps was approximately 7 feet by 8 feet.

21. **<u>NOTICE: CREW MEMBERS IN THE VICINITY OF THE SUBJECT AREA.</u>** Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the fact that crew members, including the Pool Deck Crew Members, were in and around

the subject area who should have known and observed that passengers were tracking water and other slippery substances onto the open deck flooring at the bottom of the whirlpool steps and that the flooring would become wet and slippery. A Royal Caribbean crew member was in the subject area immediately before the incident, advised RESTREPO that the area was about to close, and directed RESTREPO to exit the whirlpool, but failed to dry the area or warn RESTREPO of the water at the bottom of the whirlpool steps before RESTREPO exited the whirlpool.

22. **NOTICE: WARNING SIGNS.** Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the fact that Royal Caribbean regularly places warning signs throughout the subject area. Royal Caribbean routinely posts caution signs in other areas of Deck 15 known to be wet and/or slippery. Royal Caribbean has caution signs to put on its open decks when they are wet.

23. **NOTICE: CORRECITVE ACTION**. Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the fact that immediately after RESTREPO slipped and fell, a Royal Caribbean crew member placed a “wet floor” caution sign directly in the area where RESTREPO slipped and fell. This demonstrates that a Royal Caribbean crewmember could have placed a caution sign before the subject incident occurred but did not.

24. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the fact that the dangerous conditions are an on-going, repetitive problem on board Royal Caribbean ships. Passengers constantly and repetitively track water from Royal Caribbean’s pools and whirlpools onto its open decks. The puddle of water at the bottom of the whirlpool steps is an on-going, continuous problem. Water and other slippery substances tracked and accumulating on Royal Caribbean’s open decks is an on-going, repetitive problem.

25. **NOTICE: TRAINING AND PROCEDURES.** Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area. Royal Caribbean's policies and procedures require crew members to inspect and maintain the floors in a clean and dry condition. Royal Caribbean specifically trains its crew members to inspect and maintain the deck areas in a clean and dry condition. Royal Caribbean's trainings and procedures instruct crew members that its floors are slippery when wet which can cause passengers to slip and fall and get injured. Royal Caribbean also trains and created procedures which require crew members to place wet floor signs on walkways that become repetitively wet and/or are known to be wet. Royal Caribbean requires and trains employees/crew members to warn passengers of any hazards and/or dangerous conditions. Royal Caribbean created these procedures for its crew because Royal Caribbean knows that without warnings, passengers may not know or be able to perceive that its floors are wet. Royal Caribbean also knows that without warnings passengers may not know how slippery its floors are when wet. This shows that Royal Caribbean knew or should have known that its slippery wet deck surfaces are not an open and obvious condition.

26. **NOTICE: DESIGN, SELECTION OF MATERIALS, AND/OR CONSTRUCTION.** Additional evidence that Royal Caribbean had notice of the dangerous condition here is shown by the fact that Royal Caribbean designs, selects materials, and constructs its ships including the location of shipboard common areas, flooring, pools, whirlpools, and overall architecture. Royal Caribbean participates with and controls the design, construction and selection of materials installed on its ships. Royal Caribbean has contracts with the shipyard which allow Royal Caribbean the right to inspect the design plans, materials, and construction of its ships. Royal Caribbean may refuse payment, the ultimate control, should issues regarding design,

selection of materials and construction not be resolved to Royal Caribbean's satisfaction. Royal Caribbean ultimately approved all aspects of the *Star of the Seas* by taking delivery of the ship and paying the final payment on the contract price. Royal Caribbean approved and ultimately chose the design, selection of materials and construction of the flooring on its ships including the open deck flooring at the bottom of the whirlpool steps on Deck 15 aboard the *Star of the Seas*. Royal Caribbean has chosen and/or allowed the installation of the open deck flooring materials used in its pool and whirlpool areas throughout the Royal Caribbean fleet for years. This flooring material is also used in other areas of Royal Caribbean's ships.

27. **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** Royal Caribbean, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including Part C, Regulation 13, subpart 1.1 ("safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles."). Royal Caribbean's open decks, including the open deck walkways of Deck 15, are escape routes that Royal Caribbean must maintain in a safe, clear, clean and dry condition. Upon information and belief, Royal Caribbean, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials.

## COUNT I
## NEGLIGENT MAINTENANCE

28. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27, above.

29. This is an action against Royal Caribbean for its negligent failure to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15.

30. **DUTIES OWED BY ROYAL CARIBBEAN.** Royal Caribbean owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. Royal Caribbean owes a duty as a common carrier to its passengers to maintain all areas of its ship. Royal Caribbean's duty of care includes maintaining the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*, in a safe manner, including the subject area where RESTREPO slipped, fell, and was injured on November 25, 2025.

31. Royal Caribbean had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

32. **ROYAL CARIBBEAN BREACHED ITS DUTIES.** Royal Caribbean breached its duty to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*, on November 25, 2025, in a safe manner. Royal Caribbean breached its duties to RESTREPO by its actions and conduct. Royal Caribbean allowed the subject area including the flooring to remain open and accessible to passengers while a slippery and dangerous condition existed on the flooring. Royal Caribbean failed to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15. Royal Caribbean failed to inspect the subject flooring. Royal Caribbean failed to clean and dry the flooring to ensure that the water and other slippery substances tracked onto the flooring would not create a dangerous condition. Royal Caribbean failed to close the area so that passengers would not be walking on the slippery flooring. Royal Caribbean failed to take actions to eliminate the dangerous conditions. Royal Caribbean also failed to comply with applicable industry standards, statutes, and/or regulations.

33. **PROXIMATE CAUSE.** Royal Caribbean's failure to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *Star of the Seas* in a safe manner, proximately caused RESTREPO's injuries. Royal Caribbean's negligent maintenance of the subject area caused the flooring to be unreasonably slippery. Had Royal Caribbean properly maintained the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *Star of the Seas*, the flooring on which RESTREPO slipped would not have been slippery, and RESTREPO would not have slipped, fallen, and been injured onboard the *Star of the Seas*, on November 25, 2025.

34. **DAMAGES:** As a result of Royal Caribbean's negligent maintenance, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Royal Caribbean for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## VICARIOUS LIABILITY
## FOR
## ROYAL CARIBBEAN CREWMEMBERS' NEGLIGENT MAINTENANCE

35. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27, above.

36. This is an action against Royal Caribbean for its vicarious liability for the active negligence of its employees/crew members – the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident – in their negligent failure to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*.

37. **DUTIES OWED.** At all times material herein, the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident , were the employees of Royal Caribbean. Royal Caribbean is therefore vicariously liable for the active negligence of its employees/crew members.

38. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident owe a duty to exercise reasonable care for the safety of the passengers on board the *Star of the Seas*. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident duty of care includes maintaining all areas of the *Star of the Seas* in a safe manner, including the subject area where RESTREPO was injured on November 25, 2025.

39. **NOTICE IS NOT REQUIRED FOR EMPLOYEE'S NEGLIGENT ACTS.** Royal Caribbean is vicariously liable for negligent acts of its employees/crew members. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL*

*(Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021). In this case, the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's negligent acts caused the Plaintiff's injuries.

40. Notwithstanding that, Royal Caribbean had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

41. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's duty of care includes inspecting to discover dangerous conditions, repairing/fixing/correcting dangerous conditions, and removing/eliminating dangerous conditions on board the *Star of the Seas*, including the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident should have known about the dangerous condition and/or could have easily observed the dangerous condition. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident should have known and/or could have easily observed the fact that water and other slippery substances were being tracked onto and accumulating on the flooring and that it was only a matter of time before a passenger slipped and fell. The pool attendant assigned to the subject area was in the subject area immediately before the incident and directed RESTREPO to exit the whirlpool.

42. **BREACH OF DUTIES.** The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident breached their duty to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *Star of the Seas*, on November 25, 2025, in a safe manner. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject

area at the time of the subject incident breached their duties to RESTREPO by their actions and conduct. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident allowed the subject area including the flooring to remain open and accessible to passengers while a slippery and dangerous condition existed on the flooring. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to inspect the subject flooring. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to clean and dry the flooring to ensure that the water and other slippery substances tracked onto the flooring would not create a dangerous condition. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to close the area so that passengers would not be walking on the slippery flooring. The *RCCL Star of the Seas* the Pool attendant assigned to the subject area at the time of the subject incident directed RESTREPO to exit the whirlpool and walk onto the slippery flooring without first drying the flooring. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to take actions to eliminate the dangerous conditions. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to comply with Royal Caribbean's policies and procedures. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident also failed to comply with applicable industry standards, statutes, and/or regulations.

43. **PROXIMATE CAUSE.** The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's failure to maintain the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *Star of the Seas* in a safe manner, proximately caused RESTREPO's injuries. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's negligent maintenance of the subject area caused the flooring to be unreasonably slippery. Had the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident properly maintained the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *Star of the Seas*, the flooring on which RESTREPO slipped would not have been slippery, and RESTREPO would not have slipped, fallen, and been injured onboard the *Star of the Seas*, on November 25, 2025.

44. **DAMAGES:** As a result of the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's negligent maintenance for which Royal Caribbean is vicariously liable, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Royal Caribbean for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject

incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT FAILURE TO WARN**

45. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through **Error! Reference source not found.**, above.

46. This is an action against Royal Caribbean for its negligent failure to warn passengers, including RESTREPO, of its hazards, risks or dangers on board the *RCCL Star of the Seas* including the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas* where RESTREPO was injured on November 25, 2025.

47. **DUTIES OWED BY ROYAL CARIBBEAN.** Royal Caribbean owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. Royal Caribbean owes a duty of reasonable care under the circumstances. Royal Caribbean's duty of care includes warning of dangerous conditions on board the *RCCL Star of the Seas* including the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas* where RESTREPO was injured on November 25, 2025.

48. Royal Caribbean had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

49. **ROYAL CARIBBEAN BREACHED ITS DUTIES.** Royal Caribbean breached its duties to warn RESTREPO of the dangerous conditions on board the RCCL *Star of the Seas*, including where RESTREPO was injured on November 25, 2025. Royal Caribbean breached its

duties to the Plaintiff by its actions and conduct. Royal Caribbean failed to provide necessary and proper warnings about the dangerous condition. Royal Caribbean failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the subject area where RESTREPO was injured on November 25, 2025. Royal Caribbean failed to warn passengers about the dangerous conditions with signs or through verbal warnings. Royal Caribbean failed to warn passengers that water and other slippery substances tracked onto the open deck flooring at the bottom of the whirlpool steps could create a slippery and dangerous condition on the flooring. Royal Caribbean failed to install a "wet floor is extremely slippery" sign. Royal Caribbean also failed to comply with applicable industry standards, statutes, and/or regulations.

50. **PROXIMATE CAUSE.** Royal Caribbean's failure to properly warn RESTREPO of the dangerous conditions on board the *RCCL Star of the Seas* including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas* where RESTREPO slipped, fell and was injured on November 25, 2025, proximately caused the Plaintiff's injuries. Had Royal Caribbean properly warned RESTREPO of the dangerous condition, RESTREPO would have been aware of the dangerous condition and never would have slipped, fallen, and been injured on board the *RCCL Star of the Seas* on November 25, 2025.

51. **DAMAGES.** As a result of Royal Caribbean's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Royal Caribbean for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages

in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT IV**
**VICARIOUS LIABILITY**
**FOR**
**ROYAL CARIBBEAN CREWMEMBERS'**
**NEGLIGENT FAILURE TO WARN**

52. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27, above.

53. This is an action against Royal Caribbean for its vicarious liability for the active negligence of its employees/crew members – the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident – in their negligent failure to warn about the dangerous condition in the subject area, including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas* where RESTREPO was injured on November 25, 2025.

54. **DUTIES OWED.** At all times material herein, the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident , were the employees of Royal Caribbean. Royal Caribbean is therefore vicariously liable for the active negligence of its employees/crew members.

55. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident owe a duty to exercise reasonable care for the safety of the passengers on board the *Star of the Seas*. The *RCCL Star of the Seas* Pool

and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident owe a duty to warn of dangers known to Royal Caribbean's employees/crew members in places where the passenger is invited to or may reasonably be expected to visit. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident owe a duty of reasonable care under the circumstances. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's duty of care includes warning of dangerous conditions on board the *Star of the Seas* including the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas* where RESTREPO was injured on November 25, 2025.

56. **NOTICE IS NOT REQUIRED FOR EMPLOYEE'S NEGLIGENT ACTS.** Royal Caribbean is vicariously liable for negligent acts of its employees/crew members. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021). In this case the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident negligent acts caused Plaintiff's injuries.

57. Notwithstanding that, Royal Caribbean had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

58. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident should have known about the dangerous condition and/or could have easily observed the dangerous condition. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the

time of the subject incident should have known and/or could have easily observed the fact that water and other slippery substances were being tracked onto and accumulating on the flooring and that it was only a matter of time before a passenger slipped and fell. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident could have warned about the dangerous condition but did not. The *RCCL Star of the Seas* Pool attendant assigned to the subject area at the time of the subject incident spoke directly to RESTREPO immediately before the incident to direct him to exit the whirlpool, but did not warn him about the water at the bottom of the whirlpool steps.

59. **BREACH OF DUTIES.** The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident breached their duties to warn the Plaintiff of the dangerous conditions on board the *RCCL Star of the Seas*, including the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 where RESTREPO was injured on November 25, 2025. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident breached their duties to the Plaintiff by their actions and conduct. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to warn passengers that water and other slippery substances tracked onto the open deck flooring at the bottom of the whirlpool steps could create a slippery and dangerous condition on the flooring. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to warn passengers including the Plaintiff about the subject dangerous condition on board the *RCCL Star of the Seas*. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to provide written and/or verbal warnings to

passengers about the subject dangerous condition, including when they directed RESTREPO to exit the whirlpool. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the subject area where the Plaintiff was injured on board the *RCCL Star of the Seas* on November 25, 2025. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to reasonably and regularly make audible announcements about the subject dangerous condition on board the *Star of the Seas*. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to cordon off the area or place physical barriers around the wet flooring or otherwise prevent access to the slippery surface. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident failed to comply with Royal Caribbean's policies and procedures. The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident also failed to comply with applicable industry standards, statutes, and/or regulations.

60. **PROXIMATE CAUSE.** The *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's failure to properly warn the Plaintiff of the subject dangerous condition on board the *RCCL Star of the Seas*, proximately caused the Plaintiff's injuries on November 25, 2025. Had the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident properly warned the Plaintiff about the subject dangerous condition, the Plaintiff would have been aware of the dangerous condition and therefore would have never been injured on board the *RCCL Star of the Seas* on November 25, 2025.

61. **DAMAGES.** As a result of the *RCCL Star of the Seas* Pool and Deck Supervisor and the Pool attendant assigned to the subject area at the time of the subject incident's negligent failure to warn for which Royal Caribbean is vicariously liable, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Royal Caribbean for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT TRAINING OF PERSONNEL

62. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27, above.

63. This is an action against Royal Caribbean for its negligent training of its shipboard crew members.

64. **DUTIES OWED BY ROYAL CARIBBEAN.** Royal Caribbean owes a duty to exercise reasonable care for the safety of its passengers. Royal Caribbean owes a duty of reasonable care under the circumstances. Royal Caribbean owes a duty as a common carrier to its passengers to train its crew members to properly inspect, maintain and warn passengers about dangers known to Royal Caribbean where Royal Caribbean invites or reasonably expects

passengers to go. Royal Caribbean's duty of care includes training its crew members to inspect, maintain and warn passengers about dangerous conditions on board the *RCCL Star of the Seas* including where RESTREPO was injured on November 25, 2025.

65. Royal Caribbean had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

66. Royal Caribbean should have become aware that it had failed to properly train its crew members given that the crew member(s) failed to inspect and maintain the subject area.

67. Royal Caribbean should have become aware that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn passengers of the dangerous conditions on board the *RCCL Star of the Seas* including where RESTREPO was injured on November 25, 2025.

68. **ROYAL CARIBBEAN BREACHED ITS DUTIES.** Royal Caribbean breached its duty of care owed to RESTREPO and was negligent by failing to reasonably train its crew members to inspect, clean, dry and warn passengers of the dangerous conditions on board the *RCCL Star of the Seas* including the subject area where RESTREPO was injured on November 25, 2025. Royal Caribbean failed to comply with industry standards regarding how to train its crew members to inspect and maintain the subject flooring and warn passengers of slippery floors and the dangerousness of slippery floors. Royal Caribbean failed to ensure the implementation or operation of its training programs described above and incorporated herein.

69. At the time RESTREPO slipped and fell, the crew member(s) that were responsible for maintaining and inspecting that area failed to do so. Because those crew member(s) were not properly trained, those crew member(s) failed to properly inspect the open deck flooring at the bottom of the whirlpool steps on Deck 15. Because those crew member(s) were not properly

trained, those crew member(s) failed to properly maintain the open deck flooring at the bottom of the whirlpool steps on Deck 15. Because those crew member(s) were not properly trained, those crew member(s) failed to properly eliminate the dangerous conditions. Because those crew member(s) were not properly trained, those crew member(s) failed to take any actions to eliminate the dangerous conditions. Because those crew member(s) were not properly trained, those crew member(s) directed RESTREPO to exit the whirlpool onto the wet, slippery flooring. Because those crew member(s) were not properly trained, those crew member(s) failed to follow Royal Caribbean's procedures.

70. At the time RESTREPO slipped and fell, the crew member(s) that were responsible for warning passengers about dangerous conditions in the subject area failed to do so. Because those crew member(s) were not properly trained, those crew member(s) failed to provide written warnings to passengers like RESTREPO about the subject dangerous condition. Because those crew member(s) were not properly trained, those crew member(s) failed to provide verbal warnings to passengers like RESTREPO about the subject dangerous condition. Because those crew member(s) were not properly trained, those crew member(s) failed to cordon off and/or block passengers from walking through the subject dangerous condition. Because those crew member(s) were not properly trained, those crew member(s) failed to follow Royal Caribbean's procedures.

71. **PROXIMATE CAUSE.** Royal Caribbean's failure to properly train its crew members proximately caused RESTREPO's injuries. Had Royal Caribbean properly trained its crew members to inspect, maintain and warn passengers about the dangerous conditions on board the *RCCL Star of the Seas*, including the subject area where RESTREPO slipped and fell, the crew members would have inspected, maintained and warned RESTREPO about the dangerous condition. Had Royal Caribbean properly trained its crew members, the dangerous condition

would not have existed. Had Royal Caribbean properly trained its crew members, RESTREPO would have been aware of the dangerous condition and RESTREPO would never have slipped, fallen, and been injured on November 25, 2025.

72. **DAMAGES.** As a result of Royal Caribbean's negligent training, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Royal Caribbean for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VI
## NEGLIGENT DESIGN, CONSTRUCTION AND SELECTION OF MATERIALS

73. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27, above.

74. This is an action against Royal Caribbean for its negligent design, construction and selection of materials for the subject area – the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*.

75. **DUTIES OWED BY ROYAL CARIBBEAN.** Royal Caribbean owes a duty to exercise reasonable care for the safety of its passengers. Royal Caribbean owes a duty of

reasonable care under the circumstances. Royal Caribbean's duty to design, construct and select materials for all areas and features of its vessels, including the subject area, is part of Royal Caribbean's duty of reasonable care under the circumstances. Royal Caribbean had a duty to design the subject area including the whirlpool steps and the open deck flooring at the bottom of the whirlpool steps in a reasonably safe manner and in accordance with industry standards.

76. Royal Caribbean has all of its ships, including the *RCCL Star of the Seas*, custom made to its own design and specifications. Royal Caribbean participated in and/or approved of the design of the subject area, including the whirlpool steps and the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*. Royal Caribbean participated in and/or approved of the selection of the materials for the subject area, including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*. Royal Caribbean participated in and/or approved of the installation of the materials for the subject area including the subject flooring. At all times Royal Caribbean had the ultimate control over the design and construction of the *RCCL Star of the Seas*. Royal Caribbean had the right to inspect both the designs on paper and the design and construction at the yard. Royal Caribbean had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *RCCL Star of the Seas* including the subject area. Royal Caribbean had the right to reject any and all items, designs and construction. Royal Caribbean holds the ultimate control under its contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved. Royal Caribbean approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that Royal Caribbean took delivery of the ship in or about July 2025 and has operated and maintained the ship continuously since that time.

77. Royal Caribbean had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

78. Royal Caribbean knew or should have known that the subject area, including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*, was unreasonably dangerous.

79. Royal Caribbean knew or should have known of the dangerousness of the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas* since the ship was built in or about 2025, because Royal Caribbean has used the same or substantially similar open deck flooring materials in the pool and whirlpool areas throughout its fleet for years.

80. Royal Caribbean knew or should have known that the subject area was unreasonably dangerous because Royal Caribbean created, participated in, approved, and controlled or had the right to control the design and construction of the structures on board the *RCCL Star of the Seas*, including the subject area. Regardless of whether Royal Caribbean participated in and controlled the design of the subject area, Royal Caribbean had actual and constructive knowledge that the subject area was unreasonably dangerous.

81. **ROYAL CARIBBEAN BREACHED ITS DUTIES.** Royal Caribbean breached its duty of care owed to RESTREPO and was negligent by approving, designing, constructing, and/or selecting the subject area, including the whirlpool steps and the open deck flooring at the bottom of the whirlpool steps on Deck 15 on board the *RCCL Star of the Seas*. Royal Caribbean failed to design, construct, select and/or approve materials that complied with industry standards, including the standards requiring adequate slip resistance and visual contrast for walking surfaces that foreseeably become wet. Royal Caribbean could have selected different flooring materials and

design, including drainage and placement of the whirlpool steps that would prevent water from pooling on the flooring, but chose not to.

82. Royal Caribbean designed, constructed, selected, and/or approved the subject area and allowed the flooring to have improper traction, and no adhesive or other anti-slip material, even though Royal Caribbean knew or should have known that the flooring is unreasonably slippery and dangerous for barefoot passengers exiting the whirlpool when wet. Royal Caribbean failed to design and/or construct the subject area in compliance with relevant safety and industry standards, including the standards described above and incorporated herein.

83. **PROXIMATE CAUSE.** Royal Caribbean's negligent design, construction and selection of the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas* proximately caused RESTREPO's injuries. Had Royal Caribbean properly designed, constructed and selected the subject area including the open deck flooring at the bottom of the whirlpool steps on Deck 15 onboard the *RCCL Star of the Seas*, RESTREPO would never have slipped, fallen and been injured on November 25, 2025.

84. **DAMAGES.** As a result of Royal Caribbean's negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Royal Caribbean for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all

court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands Trial by Jury of all issues.

Dated this 9th day of November 2026.

Respectfully submitted,

By: *s/ Lisa Goodman*
**JOHN H. HICKEY**, ESQ. (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**LISA C. GOODMAN**, ESQ. (FBN 118698)
lgoodman@hickeylawfirm.com
**SONIA A. NIEKRASZ**, ESQ. (FBN 1044884)
sniekrasz@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road, Suite 373
Coral Gables, Florida 33134
Tel. (305) 371-8000
Fax (305) 371-3542
Counsel for the Plaintiff